# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ERIC L. ALLEN                                                                                                    PLAINTIFF
ADC #106177

v.                                            5:18cv00124-DPM-JJV

DALLAS COUNTY, ARKANSAS; *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   INTRODUCTION**

Eric L. Allen ("Plaintiff"), a former inmate at the Dallas County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 4.) In his Amended Complaint, he alleges he was denied medical and mental health treatment for various illnesses and injuries during his one-week incarceration at the Dallas County Detention Center. (Doc. No. 4 at 5-8.) Defendants Dallas County, Arkansas; Stan McGee;[1] Dusty Dodson; Tony Nichols; Terisha Johnson;[2] and Josh Barham have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies before filing this action.[3] (Doc. Nos. 23-25.) Plaintiff has not responded and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion for Summary Judgment should be DENIED. Plaintiff's cause of action should nonetheless be DISMISSED pursuant to Local Rule 5.5(c)(2).

---

[1] This Defendant's name is Stan McGahee. (Doc. No. 13 at 1.) The Clerk is directed to amend the docket to reflect the correct spelling of his name.
[2] This Defendant's name is Tischa Johnson. (Doc. No. 13 at 1.) The Clerk is directed to amend the docket to reflect the correct spelling of her name.
[3] Defendants John McNickle and Lanear were previously dismissed without prejudice. (Doc. Nos. 6, 16.)

## II.	SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.	ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).

3

Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Defendants have failed to provide the Court with the Dallas County Detention Center's grievance policy. Therefore, I am unable to determine whether Plaintiff complied with the policy. Defendants have provided documents they describe as Plaintiff's "request forms," some of which involved medical requests. (Doc. No. 24-2 at 2, 4.) Defendants distinguish these from grievances, stating Plaintiff did not file any "grievances complaining to Detention Center administration about any alleged injuries, medical or otherwise." (Doc. No. 24 at 2.) But it is not clear from the face of these documents whether they constituted request forms or grievances. Although some forms asked "What is your supply request?" others contained space for a "Complaint." (Doc. No. 24-2.) On one, Plaintiff wrote his "Complaint" as follows: "I have not been seen by a Health Care Intake Provider." (*Id*. at 2.) Without the grievance policy, it is impossible to know whether this constituted a grievance. Moreover, without Plaintiff's complete jail file or an affidavit from an official of the Dallas County Detention Center stating Plaintiff did not file any other forms, the Court cannot simply take the word of Defendants' counsel on this point.

The PLRA's exhaustion requirement is an affirmative defense which Defendants have the burden to plead and to prove. *See, e.g.*, *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

4

Defendants have failed to carry their burden of proving Plaintiff failed to exhaust his administrative remedies. Accordingly, their Motion for Summary Judgment should be denied.

However, Plaintiff's cause of action should be dismissed. On July 12 and July 16, 2018, mail sent to Plaintiff from the Court was returned as undeliverable. (Doc. Nos. 19-20.) It indicated Plaintiff, who had been transferred to the custody of the Arkansas Department of Correction, had since been paroled. (*Id*.) Therefore, on July 16, 2018, I directed Plaintiff to provide an updated address and affirm his intent to continue prosecuting this action within thirty days, pursuant to Local Rule 5.5(c)(2).[4] (Doc. No. 21.) Additional mail was returned as undeliverable on July 30, 2018. (Doc. No. 22.) More than thirty days have now passed, and Plaintiff has not complied with or otherwise responded to my Order. He was warned that such failure would result in a recommendation that this action be dismissed without prejudice pursuant to Local Rule 5.5(c)(2). (Doc. Nos. 3 at 5-6, 21 at 1.)

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 23) be DENIED.

---

[4]Local Rule 5.5(c)(2) states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

2.   Plaintiff's cause of action (Doc. No. 4) be DISMISSED without prejudice pursuant to Local Rule 5.5(c)(2).

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of September, 2018.

                                            JOE J. VOLPE
                                            UNITED STATES MAGISTRATE JUDGE